UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY LEE COLEMAN,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Case No.  15-cv-02771-DMR

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Re: Dkt. Nos. 18, 21

Plaintiff Gary Lee Coleman moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision denying Plaintiff's applications for disability benefits under the Social Security Act, 42 U.S.C. § 401, *et seq.*  Plaintiff's Motion for Summary Judgment ("MSJ") [Docket No. 18].  Plaintiff contends that a finding of disability is warranted based on the evidentiary record and the Commissioner's own regulations.

In response, the Commissioner moves for a voluntary remand of the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Commissioner's Motion to Remand ("Mot. to Remand") [Docket No. 21].  Plaintiff opposes remand, and moves the court to order the payment of benefits.  Reply [Docket No. 22].

For the reasons stated below, the court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion to remand, and orders the payment of benefits.

# I.  PROCEDURAL HISTORY

On July 25, 2011 and August 11, 2011, Plaintiff filed applications for disability benefits pursuant to Title XVI and Title II of the Social Security Act, respectively.  Administrative Record ("AR") 23.  In both applications, Plaintiff alleged a disability onset date of June 30, 2010.  AR 23.  These claims were initially denied on November 10, 2011, and upon reconsideration on July 9,

United States District Court
Northern District of California

2012.  AR 23.  Plaintiff subsequently requested a hearing before an Administrative Law Judge

("ALJ").  AR 128-29.  On May 16, 2013, ALJ Amita V. Tracy held a hearing at which Plaintiff

testified, as well as Robert Raschke, an impartial vocational expert ("VE").  AR 37-71.  On

August 30, 2013, the ALJ issued a decision finding Plaintiff not disabled.  AR 20-36.

The ALJ determined that Plaintiff had the following severe impairments: right shoulder

mild arthritic changes, left shoulder minimal arthritic changes, mild degenerative disc disease of

the lumbar spine, left thumb osteoarthritis, and intention tremor.  AR 26.  She presumed that

Plaintiff's complaints of aching joints were a symptom of osteoarthritis.  AR 26.  She also

concluded that Plaintiff's "[m]edically determinable impairments such as benign essential

hypertension, tobacco use disorder, genital herpes, diverticulitis, history of planter fasciitis,

marijuana use, and possible others" were non-severe impairments.  AR 26.  The ALJ found that

Plaintiff retained the following residual functional capacity ("RFC"):

> [Plaintiff] has the residual capacity to perform light work, as defined
> in 20 CFR §§ 404.1567(b) and 416.967(b), except he can
> occasionally climb ladders, ropes, and scaffolding.  He can engage
> in bilateral fingering or fine manipulation, frequent bilateral
> handling, occasionally reach in all directions, and frequently feeling
> bilaterally.  The claimant is limited to normal visual acuity.

AR 27.  The VE testified that an individual with a light RFC and Plaintiff's age, education, and

work experience, could perform the occupation of welder inspector, which required skills acquired

in the claimant's past relevant work but no additional skills.  AR 31.  Relying on the VE's opinion,

the ALJ concluded that Plaintiff is not disabled because he had acquired work skills from past

relevant work that were transferable to other occupations with jobs existing in significant numbers

in the national economy.  AR 31-32.

The Appeals Council denied Plaintiff's request for review on April 20, 2015.  AR 1-6.  The

ALJ's decision therefore became the Commissioner's final decision.  *Taylor v. Comm'r of Soc.

Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  Plaintiff then filed suit in this court pursuant to

42 U.S.C. § 405(g).

**II.  THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable

United States District Court
Northern District of California

physical or mental impairment that prevents him from engaging in substantial gainful activity[1]

and that is expected to result in death or to last for a continuous period of at least twelve months.

*Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The

impairment must render the claimant incapable of performing the work he previously performed

and incapable of performing any other substantial gainful employment that exists in the national

economy.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20

C.F.R. §§ 404.1520, 416.920.  The steps are as follows:

1. At the first step, the ALJ considers the claimant's work activity, if any.  If the claimant is doing substantial gainful activity, the ALJ will find that the claimant is not disabled.

2. At the second step, the ALJ considers the medical severity of the claimant's impairment(s).  If the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 416.909, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find that the claimant is not disabled.

3. At the third step, the ALJ also considers the medical severity of the claimant's impairment(s).  If the claimant has an impairment(s) that meets or equals one of the listings in 20 C.F.R., Pt. 404, Subpt. P, App. 1 [the "Listings"] and meets the duration requirement, the ALJ will find that the claimant is disabled.

4. At the fourth step, the ALJ considers an assessment of the claimant's residual functional capacity ("RFC") and the claimant's past relevant work.  If the claimant can still do his or her past relevant work, the ALJ will find that the claimant is not disabled.

5. At the fifth and last step, the ALJ considers the assessment of the claimant's RFC and age, education, and work experience to see if the claimant can make an adjustment to other work.  If the claimant can make an adjustment to other work, the ALJ will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the ALJ will find that the

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

1    claimant is disabled.  20 C.F.R. § 416.920(a)(4); 20 C.F.R. §§ 404.1520; *Tackett*, 180 F.3d at

2    1098-99.  If the claimant is able to do other work, then the Commissioner must establish that there

3    are a significant number of jobs in the national economy that claimant can do.  *Lounsburry v.*

4    *Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  There are two ways for the Commissioner to meet

5    the burden of showing that there is other work in "significant numbers" in the national economy

6    that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the

7    Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  *Id.*

8    **III.    FACTUAL BACKGROUND**

9         **A.    Plaintiff's Testimony**

10        At the hearing before the ALJ, Plaintiff gave the following testimony.  Plaintiff was born

11   in 1950 and has completed high school.  AR 47, 50.  His only work since June 2010 was

12   comprised of two brief stints in 2011 which the ALJ characterized as unsuccessful work attempts:

13   two and a half days on a bottling line, and nine days as a self-employed welder.  AR 25, 48.

14   Plaintiff had periods of self-employment in 1998, 2003, 2004, 2005, 2007, 2008 and 2011 for his

15   carpet cleaning business.  AR 50-51.  He worked in welding in 1998, from 2005 to 2007, and in

16   2009 doing "stainless steel, aluminum, mig and tig" welding work.  AR 51-52, 67.   From 1998 to

17   2005, Plaintiff worked in pest control.  AR 52.

18        Plaintiff testified that he cannot work due to his whole body tremors which preclude him

19   from operating a computer or "anything small," and prevent him from welding.  AR 52-53.  When

20   he has a tremor, Plaintiff shakes involuntarily throughout his body and sometimes is unable to

21   stand.  AR 53.  He also stated that his arthritic pain prevents him from sitting or standing "for very

22   long."  AR 52.  Plaintiff testified that he is "constantly" in pain with "sharp pain" in his hips,

23   shoulders, and wrists, and "some pain" throughout his body.  AR 56-57.  He also stated that he

24   had difficulty seeing, which prevented him from welding, and that he needed to get new glasses.

25   AR 60-61.

26        Plaintiff sees Nurse Melissa Jinks regularly.  AR 53.  He takes a light blood pressure

27   medicine for the tremors and Aleve to help with the pain.  AR 53-54.  Physical therapy, exercise,

28   walking and stretching have helped him.  AR 54-55, 57.  Plaintiff has not had any surgeries or

United States District Court
Northern District of California

1    injections for pain since June 2010 and does not need a cane.  AR 54-55.

2        Plaintiff smokes a pack of cigarettes a day, and uses medically prescribed marijuana every

3    night to relax so that he can sleep.  AR 55-56.  He does not drink alcohol.  AR 56.

4        Plaintiff has a driver's license and can drive or walk for short distances.  AR 50, 58.  In a

5    typical day, Plaintiff drives to check on his family members, and walks around the park.  AR 57.

6    He is also able to do household tasks including general cleaning, laundry, dishes, and grocery

7    shopping.  AR 57.

8            **B.        Vocational Expert Testimony**

9        The ALJ acknowledged that the limitation to light work precluded Plaintiff from

10   performing his past relevant work.  AR 66-67.  The ALJ questioned the VE about whether

11   Plaintiff acquired transferable skills from his past work.  AR 63, 66.

12       The VE grouped Plaintiff's prior work experience as falling within three job titles:

13   Combination Welder, Pest Control Work, and Carpet Cleaning Work.  AR 61.  The VE testified

14   that there were no transferable skills from Plaintiff's past work as a carpet cleaner or in pest

15   control.  AR 63.  However, the VE identified a variety of jobs that used transferable skills from

16   Plaintiff's past work as a welder.  AR 63-64.

17       The VE testified that Plaintiff's past welding work gave him the skills to use various types

18   of welders, to operate in the welding environment, and perhaps to follow print instructions. AR 68.

19   When asked whether there was any work at a medium level that would use Plaintiff's transferable

20   skills, the VE explained there were a variety of welding jobs that Plaintiff's skills could transfer to

21   at a medium exertion level, including welder acetylene and a production welder.  AR 63-65.  The

22   VE testified that the job of production welder is semiskilled and there are about 14,000 to 16,000

23   jobs in California, and around 200,000 jobs nationally.  AR 65.

24       In response to the ALJ's question whether there was any medium level work with the listed

25   limitations at the unskilled level, the VE testified that someone with those limitations could do a

26   warehouse worker job.  AR 65-66. There are approximately 1,500 such jobs in California and

27   about 210,000 nationally. AR 66.

28       The ALJ then asked the VE a hypothetical question about whether an individual with

United States District Court
Northern District of California

5

1    Plaintiff's work history, who was restricted to light work along with other relevant non-exertional

2    limitations, could perform any work with skills transferable from Plaintiff's past work.  AR 66.

3    The VE testified that an individual with those limitations could work as weld inspector

4    (semiskilled) or a machine helper/feeder (unskilled).  AR 68-69.  The VE testified that there were

5    less than 100 welder inspector jobs in the Bay area, approximately 300 jobs in California, and

6    under 50,000 nationally.  AR 69.

7    **IV.    STANDARD OF REVIEW**

8            Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the

9    Commissioner denying a claimant disability benefits.  "This court may set aside the

10   Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal

11   error or are not supported by substantial evidence in the record as a whole."  *Tackett v. Apfel*, 180

12   F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the

13   record that could lead a reasonable mind to accept a conclusion regarding disability status.  *See*

14   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a mere scintilla, but less than a

15   preponderance.  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted).

16   When performing this analysis, the court must "consider the entire record as a whole and may not

17   affirm simply by isolating a specific quantum of supporting evidence."  *Robbins v. Soc. Sec.*

18   *Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

19           If the evidence reasonably could support two conclusions, the court "may not substitute its

20   judgment for that of the Commissioner" and must affirm the decision.  *Jamerson v. Chater*, 112

21   F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "Finally, the court will not reverse an ALJ's

22   decision for harmless error, which exists when it is clear from the record that the ALJ's error was

23   inconsequential to the ultimate nondisability determination."  *Tommasetti v. Astrue*, 533 F.3d

24   1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

25   **V.     ISSUE PRESENTED**

26           Whether the ALJ's finding at step five that Plaintiff could engage in gainful activity

27           that exists in significant numbers in the national economy is supported by substantial

28           evidence**.**

United States District Court
Northern District of California

## VI.   ANALYSIS

### A.   Whether the ALJ's Finding is Supported by Substantial Evidence.

At step five, the Commissioner bears the burden "to show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's [RFC], age, education, and work experience." *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir.1999) (quoting 20 C.F.R. § 404.1560(b)(3)); *see also Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010) (where claimant establishes that she suffers from a severe impairment that prevents her from doing past work, burden shifts to the Commissioner to show that she can perform some other work).  The Commissioner can meet this burden in two ways: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines [or "grids"] at 20 C.F.R. pt. 404, subpt. P, app. 2.";[2] *Tackett*, 180 F.3d at 1099.

Where, as in the present case, a claimant suffers from both exertional and non-exertional limitations, the grids "provide a framework to guide the ALJ's decision." 20 C.F.R. § 404.1569a(d).  In such situations, the ALJ must consult the grids first.  *Lounsburry,* 468 F.3d at 1115.  "If the claimant is 'disabled' under the grids, there is no need to examine the effect of the non-exertional limitations. But if the same person is not disabled under the grids, the non-exertional limitations must be examined separately." *Id.* at 1116.  The ALJ should "determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." *Desrosiers v. Sec'y of Health & Human Servs.,* 846 F.2d 573, 577 (9th Cir. 1988); *see also* SSR 83–12 (noting that the ALJ is required to "consider the extent of any erosion of the occupational base and access [sic] its significance.").  A VE's testimony "is required when a non-exertional limitation is 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitation." *Hoopai v. Astrue,* 499 F.3d 1071, 1076 (9th Cir. 2007) (quoting *Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir. 1988)).

---

[2] The Medical–Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment. *See* 20 C.F.R. Part 404, Subpt. P, App. 2.  They are commonly referred to as "the grids."

7

United States District Court
Northern District of California

As discussed above, the ALJ found that Plaintiff suffered from both exertional and non-exertional limitations. The ALJ determined that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  AR 27.  The ALJ also found non-exertional manipulative limitations such that Plaintiff could "occasionally climb ladders, ropes, and scaffolding," and "engage in occasional bilateral fingering or fine manipulation, frequent bilateral handling, occasionally reach in all directions, and frequently feel bilaterally."[3]  AR 27.

The ALJ concluded that Plaintiff was unable to perform any of his past relevant work as a pest control technician, a self-employed carpet cleaner, or a welder, because all of these jobs required a medium RFC, and Plaintiff was limited to light work.  AR 31.  The ALJ next found that Plaintiff had attained the age of 60 years by his June 30, 2010 onset date, meaning that he met the definition of an individual closely approaching retirement age for disability purposes.  AR 31 (citing 20 C.F.R. §§ 404.1563 and 416.963).  The ALJ also determined that Plaintiff had at least a high school education, is able to communicate in English, and had acquired work skills from past relevant work, specifically "knowledge and practical use of welding equipment, and the ability to follow relevant welding print."  AR 31.

Based on these facts, the ALJ held that Plaintiff's case is controlled by grid Rule 202.07. Medical–Vocational Guidelines, 20 C.F.R. Part 404, Subpt. P, App. 2.  The ALJ concluded that "under the framework of Medical-Vocational Rule 202.07 section 202.00(f),"[4] a finding of not disabled was appropriate under the grids.  AR at 31-32.

In so doing, the ALJ did not consider footnote (2) to Rule 202.07, which explicitly incorporates language from Rule 202.00(c) that expands the circumstances under which claimants with transferable skills can be found disabled. Rule 202.00(c) provides:

However, for individuals of advanced age who can no longer perform vocationally

---

[3] 20 CFR § 404.1569a (c)(1) identifies difficulty performing manipulative functions such as reaching, handling, and climbing as non-exertional limitations.

[4] Rule 202.00(f) provides: "For a finding of transferability of skills to light work for persons of advanced age who are closely approaching retirement age (age 60 or older), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."

relevant past work and who have a history of unskilled work experience, or who have *only skills that are not readily transferable to a significant range of semi-skilled or skilled work* that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work *warrant a finding of disabled.*

(emphasis added).  The ALJ did not consider the application of Rule 202.00(c) to Plaintiff's case.

Applying Rule 202.00(c), although Plaintiff has some transferable skills, he will be disabled if those skills "are not readily transferable to a significant range of semi-skilled or skilled work." *Lounsburry*, 468 F.3d at 1117.  In *Lounsburry*, the Ninth Circuit held that "the phrase 'significant range of ... work' in Rule 202.00(c) requires a significant number of occupations," and that a record establishing that a claimant's "skills would transfer to precisely one occupation at her residual functional capacity" directed a finding of disability under Rule 202.00(c).  *Id.*

So too here.  The record shows that the ALJ found that given Plaintiff's light RFC, Plaintiff's skills would transfer to exactly one occupation: welder inspector.[5] AR 31.  "One occupation does not constitute a significant range of work." *Lounsburry*, 468 F.3d at 1117.  Rule 202.00(c) directs a finding of disability for Plaintiff.

The Commissioner's motion does not address, let alone dispute, any of Plaintiff's arguments.  Instead, the Commissioner moves for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), stating that "on remand, the Appeals Council will direct the Administrative Law Judge to update the record, obtain medical expert testimony as to the claimant's exertional and manipulative limitations, and obtain vocational evidence at steps four and five of the

---

[5] Review of the hearing transcript reveals that the VE did not testify that welder inspector was merely "representative" of other occupations that Plaintiff could perform at his RFC, and which required skills acquired in his past relevant work but no additional skills.  *Cf.* AR 31; 68-69. Rather, the VE testified that Plaintiff's only transferable skills were in the welding category, and that there were "only two jobs within a very broad category of welders and my inspection in this category reveals that all the rest of the jobs are either at medium or heavy exertion."  AR 68-69. These two jobs were welder inspector and machine feeder.  AR 69.  The ALJ properly did not consider the machine feeder job because it is unskilled. Skills do not transfer to unskilled work. *Policy Interpretation Ruling : Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P (S.S.A. Dec. 4, 2000) 2000 WL 1898704 at *3 ("an individual cannot transfer skills to unskilled work"). Although Social Security Rulings do not have the same force and effect as the statute or regulations, they are binding on all components of the Social Security Administration, and are to be relied upon as precedents in adjudicating cases.  20 C.F.R. § 402.35(b)(1); *See also Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

United States District Court
Northern District of California

1  sequential evaluation process," Mot. to Remand at 1-2.

2       Sentence four of 42 U.S.C. § 405(g) provides that "[t]he [district] court shall have power to

3  enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

4  reversing the decision of the Commissioner of Social Security, with or without remanding the

5  cause for a rehearing . . . ." 42 U.S.C. § 405(g). A sentence four remand has thus been

6  characterized as essentially a determination that the agency erred in some respect in reaching a

7  decision to deny benefits. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Jackson*

8  *v. Chater,* 99 F.3d 1086, 1095 (11th Cir. 1996)).

9       By seeking remand under sentence four of 42 U.S.C. § 405(g), the Commissioner

10  effectively concedes reversible error in the final agency decision. *Akopyan*, 296 F.3d at 854. The

11  court therefore grants summary judgment to Plaintiff and finds that the ALJ's determination is not

12  supported by substantial evidence.

13       **B.       Whether Remand is Appropriate**

14       A court may remand a disability case for further proceedings "if enhancement of the record

15  would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). It may only remand

16  for benefits, on the other hand, "where the record has been fully developed and further

17  administrative proceedings would serve no useful purpose." *Id.* In determining whether to

18  remand for benefits, the Ninth Circuit has devised a "three-part credit-as-true standard." *Garrison*

19  *v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of the standard must be satisfied in order

20  for a court to remand to an ALJ with instructions to calculate and award benefits:

21       (1) the record has been fully developed and further administrative proceedings would serve

22       no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

23       evidence, whether claimant testimony or medical opinion; and (3) if the improperly

24       discredited evidence were credited as true, the ALJ would be required to find the claimant

25       disabled on remand.

26  *Id.* A court is required to remand for further development of a disability case when, "even though

27  all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates

28  serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

For the foregoing reasons, Plaintiff is disabled under the Medical- Vocational Guidelines and is eligible to receive disability benefits.  *See Lounsbury*, 468 F.3d at 1117–18 (finding plaintiff disabled under the Medical–Vocational Guidelines and eligible to receive disability insurance benefits as a matter of law; remanding with instruction for the payment of benefits).

The Commissioner has not provided any explanation of how or why enhancement of the record would be useful.  Plaintiff does not dispute the ALJ's findings of fact, but argues that based on the ALJ's findings, he qualifies as disabled under the grids.  Given these circumstances, the undersigned finds that the record has been fully developed and further administrative proceedings would serve no useful purpose.  Under the ALJ's own findings, and with proper application of the Medical-Vocational Guidelines, Plaintiff qualifies as disabled.  The ALJ has failed to provide legally sufficient reasons for not applying Rule 202.00(c); if the ALJ did apply Rule 202.00(c), she would be required to find the claimant disabled on remand.

## VII.   CONCLUSION

For the foregoing reasons, the court finds that the ALJ's decision is not fully supported by substantial evidence.  Using the ALJ's own factual findings, and properly applying the Medical-Vocational Guidelines, Plaintiff qualifies as disabled.  Accordingly, the court remands this case for payment of benefits.

**IT IS SO ORDERED.**

Dated: September 12, 2016

_____

Donna M. Ryu
United States Magistrate Judge